Richard A. Boeckman Barton County Counselor 1121 Washington, P. O. Drawer 1586 Great Bend, Kansas 67530
Dear Mr. Boeckman:
As county counselor for Barton County, you request our opinion regarding whether the election conducted in April of 2002 is a "general election." Specifically, you ask whether a question proposing an increase from three to five in the number of persons who serve on the Board of County Commissioners for Barton County may be submitted to the electors of the County at an election conducted in April of 2002.
Residents of Barton County are circulating a petition to be presented to the Board of County Commissioners of Barton County. The petition seeks to bring before the electorate of the County a question proposing that the Board be expanded from three members to five members. The next election in Barton County will be conducted in April of 2002. At that election, three municipalities in the County will present issues to electors of those municipalities. There is no countywide issue being submitted at that election.
Residents of a county may circulate a petition seeking to bring before the electorate of a county a question authorizing a change in the number of members who serve on a board of county commissioners.[1] Once the petition is verified by the county election officer, the board of county commissioners is obligated to "cause such proposition to be submitted to the voters of the county at the next general election, following not less than 60 days the presentation of such petition, in which all of the qualified electors of the county are entitled to vote."[2] The statute does not define "general election."
Rules of statutory construction set forth by the Legislature state that the term "`[g]eneral election' refers to the election required to be held on the Tuesday following the first Monday in November of each even-numbered year."[3] The definition for "general election" is expanded in the election definitions of general application set forth in K.S.A. 25-2501 et seq. to include "the elections held for officers on thefirst Tuesday in April, and in the case of special elections of any officers to fill vacancies, the election at which any such officer is finally elected."[4] This expanded definition of "general election" is applicable "unless the context [of a statute] requires a different meaning."[5] It has previously been determined that the question authorized under K.S.A. 2000 Supp. 19-204 may not be submitted to the electorate during a general election conducted in April of odd-numbered years.[6] The determination was based on the requirement in K.S.A. 2000 Supp. 19-204 that the general election at which the question is submitted be one "in which all of the qualified electors of the county are entitled to vote."
 "The election referred to in K.S.A. 19-204[c][7]
must necessarily be a November general election, since the April city and school district elections are not general elections `in which all the qualified electors of the county are entitled to vote.' The context of the statute in question clearly requires a different and narrower definition of the term `general election' than that ascribed to it under K.S.A. 25-2502."[8]
It is our opinion that the conclusion reached in Attorney General Opinion No. 81-10 is sound and is likewise applicable when reviewing whether the question authorized under K.S.A. 2000 Supp. 19-204 may be submitted to the electorate during the election conducted in April of even-numbered years. A question regarding a change in the number of members serving on a board of county commissioners as authorized under K.S.A. 2000 Supp. 19-204 may be submitted to the electorate only during the general election conducted in November of even-numbered years.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 2000 Supp. 19-204(c).
[2] Id
[3] K.S.A. 77-201 Twenty-sixth.
[4] K.S.A. 25-2502(a) (emphasis added).
[5] K.S.A. 25-2501.
[6] Attorney General Opinion No. 81-10.
[7] The quote referred to subsection (b) of the statute. An amendment to the statute resulted in a re-lettering of the subsections. See L. 1996, Ch. 68, § 1.
[8] Attorney General Opinion No. 81-10.